[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case began when one Brian W. Wheeler filed a claim for unemployment compensation benefits against his former employer, the plaintiff, Merit Metal Finishing Co. (Merit Metal), of Bridgeport. Wheeler contended that he was terminated for "absenteeism which was caused by a stay in the Bridgeport Correctional Center," and on another occasion that he was "terminated for absenteeism. I was not able to go to work." The employer CT Page 9755 claimed that Wheeler had a history of absenteeism and tardiness; that on October 26, 1988, the Bridgeport Police Department arrested Wheeler at the job site and took him away; that the plaintiff never heard anything thereafter from Wheeler; and that about one week after the arrest, Wheeler's employment was terminated.
A fact finder for the Administrator, Unemployment Compensation Act, General Statutes 31-222 et seq., approved the granting of unemployment benefits to Wheeler because the employer, Merit Metal, had failed to sustain its burden of proof that Wheeler had been guilty of "repeated misconduct in attendance." Merit Metal appealed this determination to the Employment Security Division, pursuant to General Statutes 31-241, where it was referred to an Appeals Referee, who made a number of factual findings, including that Wheeler had been arrested for failure to appear on several motor vehicle charges; that he was incarcerated from October 27, 1988 to December 16, 1988; and that he appeared in court on that latter date, was convicted after trial, sentenced to time served, and released. This referee also indicated that the plaintiff learned of Wheeler's incarceration by telephoning the court on November 7, 1988, at which time Merit Metal terminated his employment.
In reversing the decision of the Administrator and denying benefits to Wheeler, the Referee relied on General Statutes 31-236(a)(13), which provides for ineligibility for a claimant who has been "sentenced to a term of imprisonment of thirty days or longer" if such person has "commenced serving such sentence" and is discharged "during such period of imprisonment." The Referee reasoned that "[w]hen the claimant failed to appear for his date in Court, his subsequent arrest carried with it the automatic sentencing to jail until his trial on criminal charges appeared on the docket.